UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00364

**Secial Heath,**
*Plaintiff,*

v.

**Mike Williamson et al.,**
*Defendants.*

# ORDER

Plaintiff Secial Heath, proceeding pro se, filed this civil-rights lawsuit complaining of alleged deprivations of his constitutional rights. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell. Doc. 3.

The magistrate judge issued a report recommending that the lawsuit be dismissed without prejudice for failure to prosecute and for failure to state a claim upon which relief may be granted. Doc. 6. The magistrate judge also observed that plaintiff has a lengthy history of filing frivolous lawsuits and recommended that plaintiff be warned of the possibility of sanctions should he continue to abuse the judicial process. *Id.* at 4. The report noted that plaintiff has filed more than three previous lawsuits that were dismissed as frivolous or for failure to state a claim. *Id.*[1] Plaintiff is therefore barred from proceeding *in forma pauperis* except upon a showing of imminent danger of serious physical injury, which he has not

---

[1] *See, e.g.*, *Heath v. Wilson*, No. 5:22-cv-00060, Doc. 8 (E.D. Tex. Jan. 24, 2024) (dismissing for failure to prosecute and failure to state a claim); *Heath v. Jeff*, No. 5:22-cv-00057, Doc. 8 (E.D. Tex. Jan. 24, 2024) (same); *Heath v. Gowan*, No. 2:22-cv-00060, Doc. 22 (E.D. Tex. June 10, 2024) (dismissing for failure to state a claim); *Heath v. Jeff*, No. 5:22-cv-00063, Doc. 3 (E.D. Tex. Jan. 25, 2024) (dismissing for failure to prosecute and failure to state a claim); *see also Heath v. Standerly*, No. 4:23-cv-01844, Doc. 8 (S.D. Tex. June 27, 2023) (dismissing for failure to state a claim and lack of subject matter jurisdiction); *Heath v. Parole*, No. 4:23-cv-00939, Doc. 8 (S.D. Tex. June 13, 2023) (dismissing as frivolous and for failure to state a claim); *Heath v. Germbino*, No. 4:23-cv-00163, Doc. 8 (N.D. Tex. Mar. 10, 2023) (dismissing as "frivolous and delusional").

done in this case. A copy of the report was mailed to plaintiff at his last known mailing address, but it was returned as undeliverable. Doc. 7.

The complaint form plaintiff filed contains a declaration stating, "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Doc. 1 at 5. The Local Rules similarly state that a pro se litigant "must provide the court with a physical address . . . and is responsible for keeping the clerk advised in writing of his or her current physical address." E.D. Tex. Local Rule CV-11(d); *see also Anderson v. Munger*, No. 5:17-cv-00175, 2019 WL 2929056, at *1 (E.D. Tex. July 8, 2019) ("The Court has no duty to locate litigants . . . ."). Plaintiff has not otherwise filed objections to the report.

When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's lawsuit is dismissed without prejudice for failure to prosecute and for failure to state a claim. Any pending motions are denied as moot.

Heath is warned that further abuse of the judicial process could result in the imposition of sanctions, monetary or otherwise, in accordance with Federal Rule of Civil Procedure 11 and the inherent powers of this court. *See Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991) (cautioning a pro se litigant that the continued abuse of the legal system "will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval").

- 3 -

*So ordered by the court on March 6, 2025.*

　　　　　　　　　　　　　　　　　　　　　
J. CAMPBELL BARKER
United States District Judge